**ALD-058**                                                     **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3720
_____

GARY F. BASTIEN,
                                   Appellant

v.

RONNIE R. HOLT
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 11-cv-00036 )
District Judge:  Honorable Sylvia H. Rambo

_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6 and for
Request for a Certificate of Appealability Pursuant to 28 U.S.C. § 2253(c)(1)
December 15, 2011
Before:  SLOVITER, FISHER AND NYGAARD, Circuit Judges

(Opinion filed: December 21, 2011)
_____

OPINION
_____

PER CURIAM

Gary Bastien, a federal prisoner proceeding pro se, appeals an order of the United

States District Court for the Middle District of Pennsylvania dismissing his petition for a

1

writ of habeas corpus pursuant to 28 U.S.C. § 2241.  For the reasons set forth below, we will summarily affirm the District Court's judgment.  See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

I.

In May 2009, Bastien pleaded guilty in the United States District Court for the Eastern District of New York to, inter alia, wire fraud and bank fraud, in violation of 18 U.S.C. §§ 1343 and 1344.  In January 2011, Bastien filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the District of New Jersey challenging the jurisdiction of the United States District Court for the Eastern District of New York to entertain the charges against him.

The Magistrate Judge assigned to the case provided Bastien with a "Notice of Election" form that offered Bastien three alternatives.  He could choose to: (1) have his petition ruled on as filed; (2) have his petition re-characterized as a motion pursuant to 28 U.S.C. § 2255 and heard as such, but in that event he would lose his ability to file a second or successive motion absent certification by the court of appeals; or (3) withdraw his petition and file one all-inclusive § 2255 motion within the one-year statute of limitations period prescribed by the Antiterrorism and Effective Death Penalty Act ("AEDPA").

On the "Notice of Election" form, Bastien elected to have the District Court rule on his petition as it had been filed.  Upon review of the record, the Magistrate Judge concluded that Bastien failed to make the requisite showing that § 2255 was inadequate

2

or ineffective to test the legality of his detention, and recommended that his petition be dismissed. Upon review of Bastien's objections to the report and recommendation, the District Court dismissed the habeas petition for lack of jurisdiction, concluding that Bastien's claims are cognizable pursuant to § 2255. This appeal followed.

II.

We have jurisdiction under 28 U.S.C. § 1291. As recognized by the District Court, "[m]otions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences[.]" Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). A petitioner may not challenge a conviction pursuant to § 2241 unless a § 2255 motion would be "inadequate or ineffective." Cradle v. United States, 290 F.3d 536, 538-39 (3d Cir. 2002) (per curiam). And a § 2255 motion is inadequate or ineffective "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Id. at 538.

Bastien has not made such a showing. He contends that his claims may be raised pursuant to § 2241 because the judgment of the United States District Court for the Eastern District of New York is void and thus, the action is to prevent the warden where he is imprisoned from executing on a void judgment. However, we agree with the District Court that Bastien's underlying argument--that the judgment is void because the Eastern District of New York lacks jurisdiction over him--challenges the validity of his

3

conviction and must be brought pursuant to § 2255.  Bastien has not shown that he will be prevented from receiving an adjudication of his claim via a § 2255 motion.

Accordingly, because this appeal does not raise a substantial question, we will affirm the judgment of the District Court.  To the extent that a certificate of appealability is required in this matter, it is denied.  Bastien's outstanding motions are denied.